**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7268

WRITER'S INTERNET ADDRESS
nicholascalamari@quinnemanuel.com

January 11, 2013

VIA ELECTRONIC MAIL

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 11 2013

Re: Meda AB v. 3M Company, et al., Case No. 11 Civ. 0412

Dear Judge Nathan:

Plaintiff Meda AB ("Meda") and Defendants 3M Company, 3M Innovative Properties Company, and Riker Laboratories, Inc. (collectively "3M") jointly and respectfully write to: (a) submit the parties' anticipated order of witnesses for examination at trial; and (b) inform the Court of the parties' inability to reach agreement regarding the use of a single, shared interpreter at trial and request permission to use two interpreters at trial.

The parties have not proposed an order for presenting deposition designation testimony below, and are working to follow the Court's suggestion that as much of this testimony as possible be offered en masse at the beginning of trial to avoid disrupting the live testimony.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

Hon. Alison J. Nathan
January 11, 2013

Order of Plaintiff's Witnesses:

1. Eric Felber (video excerpt of designated deposition testimony)
2. Anders Lönner (direct testimony by declaration; live cross-examination)
3. Jörg-Thomas Dierks (direct testimony by declaration; live cross-examination)
4. Anders Larnholt (direct testimony by declaration; live cross-examination)
5. Henrik Stenqvist (direct testimony by declaration; live cross-examination)
6. Jason Haas (live direct examination and cross-examination)[1]
7. Bimal Shah (direct testimony by declaration; live cross-examination)
8. Frederic Destal (direct testimony by declaration; live cross-examination)
9. Olivier Mariotte (direct testimony by declaration; live cross-examination)
10. Mark Gallagher (direct testimony by declaration; live cross-examination)
11. Brad Sauer (live direct examination and cross-examination)[2]
12. Jonathan Neuberger (direct testimony by declaration; live cross-examination)

---

[1] Defendants intend to elicit testimony from Mr. Haas as part of their case-in-chief. However, in light of Plaintiff's decision to call him in its case, Defendants intend to conduct their examination of Mr. Haas at the time he is presented at trial by Plaintiff. Nonetheless, Defendants reserve the right to call Mr. Haas in their case in the event that Plaintiff ultimately decides not to call him.

[2] As Defendants have advised Plaintiff, they will present Mr. Sauer on Thursday, January 17, for Plaintiff's direct examination.

Hon. Alison J. Nathan
January 11, 2013

Order of Defendants' Witnesses[3]:

1. John Sampson (direct testimony by declaration; live cross-examination)

2. Frederic Biffaud (direct testimony by declaration; live cross-examination)

3. David Wanlass (direct testimony by declaration; live cross-examination)

4. Peter Garrambone (direct testimony by declaration; live cross-examination)

5. Paul Keel (direct testimony by declaration; live cross-examination)

6. Stephanie Barreau (direct testimony by declaration; live cross-examination)

7. Benoit Traineau (direct testimony by declaration; live cross-examination)

8. Celine Forey (direct testimony by declaration; live cross-examination)

9. Michael Cragg (direct testimony by declaration; live cross-examination)

10. Jonathan Schur (direct testimony by declaration; live cross-examination)

---

[3] Plaintiff's Position: Plaintiff intends to elicit testimony from each of Defendants' fact witnesses as part of its case-in-chief. However, in light of Defendants' decision to call these witnesses in their case, to avoid the need for any witness to testify twice, and given the Court's directions regarding deposition designations and that there will be no Fed. R. Civ. P. 52 motion practice in this trial, Plaintiff will examine these witnesses when they appear in Defendants' case. As set forth in Plaintiff's witness list, submitted as Exhibit B1 to the Joint Pretrial Order, Plaintiff reserves the right to call any of Defendants' fact witnesses in its case-in-chief, whether live or by deposition designation, if Defendants ultimately decide not to call them. Plaintiff reserves all rights available under Fed. R. Civ. P. 52. Defendants' Position: Of the witnesses being presented in Defendants' case-in-chief, Plaintiff's witness list only identified Paul Keel and Peter Garrambone as witnesses who Plaintiff would or might call "live" as part of its case-in-chief. Accordingly, Defendants object to any attempt by Plaintiff to exceed the scope of the direct testimony of the remainder of Defendants' witnesses. Defendants acknowledge that they will not be moving to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 52 before Plaintiff "has been fully heard on an issue" (i.e., when Plaintiff's case-in-chief has been fully submitted). Defendants otherwise reserve all rights available under Fed. R. Civ. P. 52.

Hon. Alison J. Nathan
January 11, 2013

Requested Presence of Interpreters at Trial

      As discussed during the January 8, 2013 Status Conference, the parties intend to bring certain witnesses to trial whose native language is French. While only one witness, Frédéric Destal, will be testifying completely in French, both parties believe it would be helpful to the Court and the witnesses to have an interpreter present in case translation issues arise during the examination of French-speaking witnesses who are testifying in English. To avoid having potentially competing translations, the parties discussed the possibility of using the same interpreter whom the parties jointly employed for the depositions in this case conducted in France, but no agreement was reached. Accordingly, the parties respectfully request the use of two interpreters during the trial, with each party's interpreter having primary translation responsibility for that party's witnesses, and the other party's interpreter serving as a check translator for those translations.

Respectfully submitted,

_____
Nicholas J. Calamari
*Counsel to the Plaintiff*

SO ORDERED: 1/11/13

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Agreed:    By:    /s/ Jeremy Camp
                    Jeremy Camp
                    *Counsel to the Defendants*

---

With respect to the dispute contained in footnote 3, Plaintiff's position is correct. If Defendants decide not to call an anticipated witness, they shall promptly give notice to Plaintiff so that Plaintiff may seek an opportunity to call that witness live. Plaintiff preserved this right in the joint pretrial order. *See* Plaintiff's Amended Witness List at 2 ("Meda reserves the right to call any witness named on Defendants' witness list"). For the same reason, Defendants' objection "to any attempt by Plaintiff to exceed the scope of the direct testimony" of Defendants' witnesses other than Keel and Garrambone will be overruled. Defendants preserved the same right. *See* Defendant's Amended Witness List at 1 ("Defendants reserve the right to call any witness named on Plaintiff's witness list").

---

The parties may each bring their own interpreter subject to that interpreter being qualified to translate.

4